ST. LOUIS SOUTHWESTERN RAILWAY COMPANY *v.* HARPER.

Opinion delivered March 23, 1901.

1. CARRIER—WHO IS PASSENGER.—One who carelessly entered a train which he should have known did not stop at his station, but which he hoped would stop either there or near there, and who had a ticket to his destination, but refused to pay the additional fare to the nearest stopping place beyond, is a passenger within Sand. & H. Dig., § 6192, providing that if any passenger shall refuse to pay his fare the conductor may put him out of the cars "at any usual stopping place," and is entitled to damages for being ejected at a place other than a usual stopping place. (Page 187.)

2. EJECTION OF PASSENGER—DAMAGES.—A judgment of $25 is not excessive where a passenger, suffering from a slight fever, was ejected from a railway train a mile or two from a station in the night time, while a slight rain was falling. (Page 189.)

Appeal from Columbia Circuit Court.

CHAS. W. SMITH, Judge.

### STATEMENT BY THE COURT.

James B. Harper got on the "Cannon Ball" passenger train on defendant's railroad at McNeil for the purpose of going to Milner, another station on defendant's road. Milner was not one of the stations at which that train stopped, and when Harper offered a ticket to Milner he was informed of this fact by the conductor, and told that he must pay fifteen cents more, and go on to Stephens; that being the next stopping place for that train. Harper refused to pay, and was thereupon ejected from the train at a point about a mile and a half from the station. He brought this action for being put off at a place other than a usual stopping place for trains. There was a verdict in favor of plaintiff for $125, but the court required a remittitur of $100, which having been done, the court gave judgment for the remaining $25, and costs against defendant. From this judgment defendant appealed.

*Sam H. West* and *Jno. T. Sifford,* for appellant.

Sand. & H. Dig., § 6192, applies only *passengers* who refuse to pay fare. 49 Ark. 358. Appellee was not a "passenger," within the meaning of that statute, and appellant did not owe him the measure of care due a passenger. Ray, Neg. Imp. Duties, 4; 2 Am. & Eng. Enc. Law, 742; 29 S. W. 713; Sh. & Redf. Neg. § 448; Patt. Ry. Law, §§ 210-214; 29 S. W. 367; 29 S. W. 1106; 40 Ind. 37; 18 S. W. 589; 9 Am. & Eng. Ry. Cas., 307; Rorer, Railroads, 984; 67 Fed. 522; 29 S. W. 1106.

RIDDICK, J., (after stating the facts). This is an action for damages alleged to have been caused the plaintiff by being ejected from one of defendant's passenger trains. Our statute provides that "if any passenger shall refuse to pay his fare or toll, it shall be lawful for the conductor of the train and the servants of the corporation to put him out of the cars at any usual stopping place the conductor shall select." Sand. & H. Dig., § 6192.

Counsel for the defendant company contend that this statute does not apply here, for the reason that the plaintiff knew, or by the exercise of ordinary care could have known, that the train which he entered did not stop at Milner, and that, as he refused to pay his fare to any station at which the train did stop, he was not a passenger. It is doubtless true that one who enters a railway train, and afterwards wrongfully and persistently refuses to pay his fare, is not entitled to the high degree of care which the law exacts of railroads for the protection of passengers. Within the meaning of the rules requiring such care, it has been often held that such a person is not a passenger. *Condran* v. *Chicago, M. & St. P. Ry. Co.,* 67 Fed. Rep. 522; 2 Wood, Railroads (Minor's Ed.), 1213; 5 Am. & Eng. Enc. Law (2d Ed.), 496, and cases cited.

We do not controvert the soundness of these decisions, but it is evident that the reasons upon which they are based do not apply here; for the object of this statute was to prevent railroad companies from ejecting a passenger for refusal to pay fare at other than a usual stopping place. If those refusing to pay fare are not passengers, within the meaning of this act, then the statute can have no application, and is meaningless. It is therefore very evident, we think, that the refusal to pay by one traveling on a train does, not within the meaning of this statute, show that he is not a passenger.

It may, of course, be doubted whether one who enters a train, intending not to pay his fare and to defraud the company, would be protected by this statute; but we need not determine that question, for the evidence here, we think, does not show such a state of facts. The plaintiff carelessly entered a train which he should have known did not stop at Milner, but he did so, hoping that it would stop either at Milner or at a water tank near there, and thus afford him the opportunity to reach his destination. He had a ticket to Milner, which he gave to the conductor, but the ticket was returned, and the plaintiff ejected, because he refused to pay the additional fare to the first regular stopping place for that train. The company could have excluded him from the train, or ejected him at the place he entered, but, having carried him away from that point, was, under the statute, required to carry him to some other usual stopping place before ejecting him. The plaintiff may not have desired to go to Stephens, the next stopping place, but, as he had carelessly entered a train that was not required to stop before reaching that place, he could have been

carried there whether he wished to go or not; for the company in such a case was not required to stop the train sooner for his own convenience. As the place at which he was ejected was not a usual stopping place for trains, and as he was not given the option of being carried to Stephens, instead of being put off there, the ejection was unlawful.

The injury to plaintiff was small, but it was night, a slight rain was falling, and plaintiff was suffering some from fever. He was put off a mile or two from a station. Under these circumstances the sum for which the court gave judgment was not excessive.

Affirmed.